**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

_____
                                   :
LINDSWORTH SESSAY,                 :
                                   :  Civil Action No. 12-2667 (FSH)
          Petitioner,              :
                                   :
     v.                            :        O P I N I O N
                                   :
ERIC HOLDER, et al.,               :
                                   :
          Respondents.             :
_____:

**APPEARANCES:**

Lindsworth Sessay, Pro Se
#J-2011-12527
Essex County Correctional Center
354 Doremus Avenue
Newark, NJ 07105

Peter G. O'Malley, Counsel for Respondents
Office of the United States Attorney
970 Broad Street
Newark, NJ 07102

**HOCHBERG, District Judge**

 This matter comes before the Court upon Petitioner's motion for summary judgment, see Docket Entry No. 2. For the reasons set forth below, Petitioner's motion will be denied.

BACKGROUND

 On May 2, 2012, Petitioner, an immigration detainee housed at the Essex County Correctional Facility in Newark, New Jersey, filed a petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2241, challenging his detention. Citing Diop v. ICE/Homeland Security, 656 F.3d 221, 223 (3d Cir. 2011),

Petitioner argued that his detention is unlawful, see Docket Entry No. 1.  On June 11, 2012, prior to the Respondents filing an answer to the petition, Petitioner filed this motion for summary judgment, making the same arguments as in his petition, see Docket Entry No. 2.  On July 17, 2012, Respondents filed an answer, disputing the petition and the assertion that Petitioner is entitled to immediate release.  Respondents note that Petitioner was in Bureau of Prisons' custody from January 17, 2003, until he was served with a Notice of Custody Determination by the Bureau of Immigration and Customs Enforcement ("ICE") on January 10, 2011.  Therefore, Respondents assert that Petitioner's detention is, and was, lawful, see Docket Entry No. 8.

## DISCUSSION

### I.  Standard of Review

Pursuant to Federal Rule of Civil Procedure 56(c), a motion for summary judgment will be granted if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.  See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247 (1986); Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).  In other words, "[s]ummary judgment may be granted only if there exists no genuine issue of

2

material fact that would permit a reasonable jury to find for the nonmoving party." Miller v. Ind. Hosp., 843 F.2d 139, 143 (3d Cir. 1988).  All facts and inferences must be construed in the light most favorable to the non-moving party.  See Peters v. Del. River Port Auth., 16 F.3d 1346, 1349 (3d Cir. 1994).  The judge's function is not to weigh the evidence and determine the truth of the matter, but to determine whether there is a genuine issue for trial.  See Anderson, 477 U.S. at 249. "Consequently, the court must ask whether, on the summary judgment record, reasonable jurors could find facts that demonstrated, by a preponderance of the evidence, that the nonmoving party is entitled to a verdict." In re Paoli R.R. Yard PCB Litig., 916 F.2d 829, 860 (3d Cir. 1990).

    The party seeking summary judgment always bears the initial burden of production.  See Celotex, 477 U.S. at 323.  This burden requires the moving party to establish either that there is no genuine issue of material fact and that the moving party must prevail as a matter of law, or to demonstrate that the nonmoving party has not shown the requisite facts relating to an essential element of an issue on which it bears the burden.  See id. at 322-23.  This burden can be "discharged by 'showing' ... that there is an absence of evidence to support the nonmoving party's case." Id. at 325.  Once the party seeking summary judgment has carried this initial burden, the burden shifts to the nonmoving party.

## II. <u>Analysis</u>

It is clear from a review of this case, that Petitioner has not met the burden to establish that there is no issue of material fact in this case, entitling him to prevail as a matter of law.  As noted by Respondents in the answer:

> In <u>Diop</u>, the alien had been detained for almost three years, in large part because of procedural delays which the court found were caused by the government. Here, Sessay was taken into custody in January 2011; his hearing was first scheduled in February 2011 and, after several continuances to permit his attorney to prepare. Exhibit 7, at Tr. 11, 13, 18-19. The petitioner was ordered removed on April 28, 2011, just over four months after the NTA was served. Exhibit 7, at Tr., 23; Exhibit 8. It was not until after denial of the N-600 application for derivative citizenship — a claim that was baseless on its face when made — that petitioner, who had not appealed the IJ's decision, moved to reopen proceedings on July 12, 2011. Exhibit 10. There is no credible basis on which petitioner can show, as he weakly alleged in his petition, at pp. 12-13, that there were, as in <u>Diop</u>, delays in the proceedings because of failures by the Government.

Answer, <u>see</u> Docket Entry No. 8 at p. 7.  For purposes of this motion, the above excerpt from Respondents' answer demonstrates that there are material issues of fact in dispute which require this Court's full examination of the record of this case.  This Court also notes that Petitioner's motion for summary judgment was filed prior to Respondents answering the petition, and prior to this Court receiving the benefit of Respondents' arguments.  Thus, summary judgment is not appropriate.

**CONCLUSION**

For the foregoing reasons, Petitioner's Motion for Summary Judgment is denied.  An appropriate Order follows.

s/ Faith S. Hochberg
FAITH S. HOCHBERG
United States District Judge

Dated: January 3, 2013