NOT FOR PUBLICATION

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| ‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾ : | | |
| LINDSWORTH SESSAY, : | | |
| : | | |
| Petitioner, : | Civil No. 12-2667 (FSH) | |
| : | | |
| v. : | | |
| : | | |
| ROY L. HENDRICKS, et al., : | **OPINION** | |
| : | | |
| Respondents. : | | |
| ‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾ : | | |

**APPEARANCES:**

Lindsworth Sessay, *Pro Se*
J-2011-12527
Essex County Correctional Center
354 Doremus Avenue
Newark, NJ 07105

David Edward Dauenheimer
Office of the US Attorney
970 Broad Street
Newark, NJ 07102
Attorney for Respondents

**HOCHBERG, District Judge**

Petitioner, Lindsworth Sessay, an immigration detainee currently confined at the Essex County Correctional Center in Newark, New Jersey, filed this *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.  Petitioner names Roy L. Hendricks,

the warden of the Essex County Correctional Center as a respondent.[1] For the following reasons, the petition will be denied, without prejudice.

<u>BACKGROUND</u>

Petitioner is a native of Jamaica.  He arrived in the United States in 1994 and gained lawful permanent resident status. (Petition, ¶ 8).  After convictions in the United States District Court, Eastern District of Pennsylvania for armed bank robbery and firearms charges, Petitioner was sentenced to 144 months in prison, with five years of supervised release.  (Answer, Declaration of Peter G. O'Malley ("O'Malley Decl." Ex. 1, 4)).  Petitioner was released from custody on January 10, 2011, and on that date, was served with a Notice to Appear ("NTA") and Notice of Custody Determination by the Bureau of Immigration and Customs Enforcement ("ICE").  (O'Malley Decl., Ex. 6).

Petitioner's removal proceedings remain ongoing.  Exhibits Seven through Ten of the Declaration of Peter G. O'Malley provide

---

[1] Petitioner also names Eric Holder, Jr., Janet Napolitano and John Tsoukaris as respondents in this action. However, as custodian of petitioner, Hendricks is the proper respondent and these three respondents shall be dismissed from this action with prejudice.  *See Rumsfeld v. Padilla*, 542 U.S. 426, 435 (2004).

this Court with the record of the case, including the following procedural history:

- February 2, 2011- Initial appearance before the Immigration Judge ("IJ").

- March 15, 2011- Petitioner conceded removability but asked for adjudication of an application for derivative citizenship and the matter was continued.

- April 8, 2011- Petitioner requested and was granted a continuance.

- April 28, 2011- IJ ordered Petitioner removed to Jamaica.

- July 12, 2011- Petitioner moved to reopen based on ineffective assistance of counsel.

- August 11, 2011- Petitioner's claim for derivative citizenship was denied.

- August 30, 2011- The Board of Immigration Appeals ("BIA") remands the denial of Petitioner's motion to reopen.

- January 31, 2012, March 13, 2012- Hearings were held on Petitioner's Convention Against Torture ("CAT") claim.

- March 29, 2012- The IJ denied the petition for relief and ordered Petitioner removed to Jamaica.

- January 29, 2013- The BIA remanded Petitioner's immigration proceedings to the IJ for consideration of his application for a section 212(h) waiver.  (*See* ECF No. 21, Letter from Respondents, Attachment 2).

- March 27, 2013- The BIA upheld the denial of CAT relief, and Petitioner appealed to the Court of Appeals for the Third Circuit (*See id.*, Letter from Respondents, Attachment 1).  The Third Circuit denied in part and dismissed in part the appeal.

- June 5, 2013- According to Respondents, Petitioner was scheduled for a hearing before the IJ on his 212(h) waiver application.  (*See id.*, Letter from Respondents).

Petitioner argues in this habeas petition that he has been detained for an unreasonable length of time, in violation of the Due Process Clause of the Fifth Amendment and *Diop v. ICE/Homeland Security*, 656 F.3d 221 (3d Cir. 2011).  Respondents argue that in light of *Diop*, the length of Petitioner's detention is reasonable in that although they have detained Petitioner for over eighteen months,[2] the length of the detention is justified given the nature of the immigration proceedings in Petitioner's case.

_____

[2] *See Diop*, 656 F.3d at 232 (finding that "[a]t a certain point, continued detention becomes unreasonable and the Executive Branch's

## DISCUSSION

**A.    Jurisdiction**

Pursuant to 28 U.S.C. § 2241(c)(3), habeas jurisdiction "shall not extend to a prisoner unless ... he is in custody in violation of the Constitution or laws or treaties of the United States." A federal court has subject matter jurisdiction under § 2241(c)(3) if: (1) the petitioner is "in custody," and (2) the custody is in violation of the Constitution or treaties of the United States. *See id.* This Court has jurisdiction over the petition as plaintiff was detained within its jurisdiction at the time he filed the petition, *see Spencer v. Kemma*, 523 U.S. 1, 7 (1998), and because he asserts that his continued detainment violates the Constitution.  Finally, the Court of Appeals for the Third Circuit directs that "[t]he submissions of aliens proceeding *pro se* are to be liberally construed."  *Alexander v. Attorney General*, 495 Fed. App'x 274, 276 (3d Cir. 2012) (citing *Diop*, 656 F.3d at 224).

**B.    Analysis**

Petitioner contends that his indefinite detention during his removal proceedings violates the Constitution. He specifically cites

---

implementation of § 1226(c) becomes unconstitutional unless the Government has justified its actions at a hearing inquiring into whether continued detention is consistent with the law's purposes of preventing flight and dangers to the community.")

to the Due Process Clause of the Fifth Amendment and the Court of Appeals decision in *Diop, supra,* to support his arguments that he has been detained for an unreasonable period of time.[3]

### 1.   **Relevant Statutes**

The relevant statutory authority to detain an alien depends on where the alien is in the removal process. Section 1226 governs a pre-removal period detention claim. Section 1226(c) provides for the detention of specified criminal aliens during removal proceedings, provided the detention does not continue for a prolonged period of time. *See* 8 U.S.C. § 1226(c); *Diop v. ICE/Homeland Sec.*, 656 F.3d 221, 232 (3d Cir. 2011) ("At a certain point, continued detention becomes unreasonable and the Executive Branch's implementation of § 1226(c) becomes unconstitutional unless the Government has justified its actions at a hearing inquiring into whether continued detention is consistent with the law's purposes of preventing flight and dangers to the community."). Section 1231(a)(2) mandates detention during the removal period established in Section 1231(a)(1)(B), stating that "[d]uring the removal period, the Attorney General shall detain the alien." 8 U.S.C. § 1231(a)(2).

---

[3]  The Due Process Clause of the Fifth Amendment provides that "No person shall ... be deprived of life, liberty, or property, without due process of law." U.S. CONST. amend. V.

Under 8 U.S.C. § 1231(a)(1)(B), the removal period begins at the latest of several events. Specifically, the statute directs that:

> The removal period begins on the latest of the following:
>
> (i) The date the order of removal becomes administratively final.
>
> (ii) If the removal order is judicially reviewed and if a court orders a stay of the removal of the alien, the date of the court's final order.
>
> (iii) If the alien is detained or confined (except under an immigration process), the date the alien is released from detention or confinement.

8 U.S.C. § 1231(a)(1)(B).

### 2.   Petitioner's Pre-Removal Period Detention

In *Diop*, the Third Circuit held that "§ 1226(c) contains an implicit limitation of reasonableness: the statute authorizes only mandatory detention that is reasonable in length.... Should the length of [an alien's] detention become unreasonable, the Government must justify its continued authority to detain him at a hearing at which it bears the burden of proof." 656 F.3d at 235. The Third Circuit found that Diop's pre-removal detention period of thirty-five months was unreasonable in length. *See id.; see also Leslie v. Attorney Gen. of United States*, 678 F.3d 265, 271 (3d Cir. 2012) (holding that four-year detention is unreasonably long).

7

In *Diop*, the Court of Appeals adopted a "fact-dependent inquiry requiring an assessment of all of the circumstances of any given case." *See Diop*, 656 F.3d at 234.   The facts of *Diop* demonstrate that the delays Mr. Diop faced were due to errors by the IJ and the Government in failing to ensure the evidence needed.   *See id.* Conversely, in this case, Petitioner's delays are due to continuances requested by Petitioner and a timely remand by the BIA that resulted in a prompt decision by the IJ.   Likewise, in *Leslie*, the Court of Appeals found that besides the fact of the four year detention that exceeded Mr. Diop's detention, Petitioner's case was delayed by the immigration court, and "ultimately remanded for further proceedings, due entirely to clerical errors made by the immigration judge." *Leslie*, 678 F.3d at 271.   The Court of Appeals also quoted a Sixth Circuit case, noting:   "'Although an alien may be responsible for seeking relief, he is not responsible for the amount of time that such determinations may take.'"   *Id.* (citing *Ly v. Hansen*, 351 F.3d 263, 272 (6th Cir. 2003)).

With regard to whether or not pre-removal detention is considered unreasonably long, this Court has previously found that a pre-removal order detention period of thirteen months was not unreasonable.   *See Espinoza-Loor v. Holder*, Civ. No. 11-6993, 2012

8

WL 2951642 (D.N.J. Jul. 2, 2012)(Hochberg, J.).  In that case, this

Court noted:

> District Courts in this circuit considering the
> reasonableness of pre-removal period detention under *Diop*
> have reached varying conclusions. For example, Chief Judge
> Yvette Kane ruled that an alien's seven-month pre-removal
> period detention under § 1226(c) was not unreasonably
> prolonged, since the Supreme Court had found the
> petitioner's six-month detention constitutional in
> *Demore. See Hernandez v. Sabol*, 823 F. Supp.2d 266
> (M.D.Pa.2011). Judge Chesler ruled in *Bete v. Holder*, 2012
> WL 1067747 (D.N.J. Mar. 29, 2012), that Christian Bete's
> pre-removal-period detention for 12 months had not become
> unreasonable in length under *Diop*. Most significantly,
> Judge William J. Martini held in *Maynard v. Hendrix*, 2011
> WL 6176202 (D.N.J. Dec. 12, 2011), that, where Maynard's
> detention for 18 months was primarily the result of his
> having requested 10 continuances before the Immigration
> Judge, his pre-removal period detention was not
> unreasonable in length. On the other hand, in *Gupta v.
> Sabol*, 2011 WL 3897964 *3 (M.D. Pa. Sept. 6, 2011), Judge
> Christopher C. Conner held that, where the Board of
> Immigration Appeals had remanded the matter to the
> Immigration Judge once, the Immigration Judge had again
> ordered Gupta's removal to India, and a second appeal to
> the BIA was pending, Gupta's pre-removal period detention
> for 20 months was unreasonable under *Diop*.

> In this case, the length of Espinoza-Loor's detention
> is correlated with the fact that Espinoza-Loor requested
> at least eight adjournments of his hearing before the
> Immigration Judge. Moreover, a comparison of Espinoza-
> Loor's detention to Diop's and Leslie's indicates that his
> detention for 13 months has not become unreasonable in
> length. Under these circumstances, this Court will dismiss
> the Petition. This Court emphasizes, however, that the
> dismissal is without prejudice to the filing another § 2241
> petition in the event that Espinoza-Loor believes that his
> detention has become unreasonable.

*Espinoza-Loor*, 2012 WL 2951642 at *7.

This Court has also upheld a thirty-month detention, when delays in proceedings were largely due to Petitioner's request for extensions before the BIA and Court of Appeals.  *See Bulatov v. Hendricks*, Civ. No. 11-0845, 2012 WL 4753366 (D.N.J. Oct. 4, 2012)(Hochberg, J.).  This Court noted that "briefing before the Court of Appeals in Petitioner's consolidated appeals is nearly complete.  Thus, although the end date of his removal proceedings is uncertain, it surely is reasonably foreseeable."  *Id.* at *19. At eighteen months of pre-removal order detention at the time he filed this petition, Petitioner's period of pre-removal detention is far less than the thirty-five months and four years the detainees faced in *Diop* and *Leslie*, respectively.  Further, here, Petitioner was ordered removed just over four months after the NTA was served.   In Petitioner's case, the time period for which Petitioner is detained has not been prolonged due to actions of the Government or the immigration officials, as was the case in *Diop* and *Leslie.* Rather, like the petitioners in *Bulatov* and *Espinoza-Loor*, Petitioner's immigration matter is proceeding before the Court of Appeals and the immigration courts in normal course with a reasonably foreseeable end point.  Habeas relief is not warranted under such circumstances and this Court will deny the petition.  *Accord Nwozuzu v. Napolitano*, Civ. No. 12-3963, 2012 WL 3561972 at *5 (Aug. 16, 2012)(Wolfson,

10

Case 2:12-cv-02667-FSH   Document 22   Filed 08/27/13   Page 11 of 12 PageID: 394

J.)(analyzing cases and finding that "[c]ourts in this circuit have held that detentions exceeding 20 months are unreasonably long . . . .").

Further, this Court rejects Petitioner's reliance on cases from other jurisdictions (*see* Pet., ¶ 33), and finds that based on *Diop* and the foregoing analysis, his additional arguments are without merit.[4]

---

[4]    This Court notes that if Petitioner is now being detained after a removal order has been entered, under 8 U.S.C. § 1231(a), the post-removal order statute, the Attorney General has ninety (90) days after the entry of a removal order to remove Petitioner.  *See* 8 U.S.C. § 1231(a)(1)(A). The statute then commands that "[d]uring the removal period, the Attorney General shall detain the alien." 8 U.S.C. § 1231(a)(2).  With respect to criminal aliens such as Petitioner, the statute specifically provides that, "[u]nder no circumstance during the removal period shall the Attorney General release an alien who has been found ... deportable under section 1227(a)(2) ... of this title." 8 U.S.C. § 1231(a)(2).

At the end of the ninety (90) day period, ICE may continue to hold the alien, or it may grant supervised release.  *See* 8 U.S.C. §§ 1231(a)(3) and (6). The discretion to detain an alien under § 1231(a) is limited by the Fifth Amendment's Due Process clause. *See Zadvydas v. Davis*, 533 U.S. 678, 693-94 (2001). In *Zadvydas*, the United States Supreme Court determined that "[§ 1231(a)(6)], read in light of the Constitution's demands, limits an alien's post-removal-period detention to a period reasonably necessary to bring about that alien's removal from the United States. It does not permit indefinite detention." *Id.* "[F]or the sake of uniform administration in the federal courts," the Court recognized six (6) months as a presumptively reasonable period of detention. *Id.* at 701.

    If at some point in the future Petitioner's detention becomes illegal or unconstitutional under the post-removal order statute or *Zadvydas*, Petitioner may file another § 2241 petition for relief from

11

## CONCLUSION

Based on the foregoing, this Court denies the petition.[5]

However, the denial is without prejudice to the filing of another § 2241 petition should Petitioner's detention become unreasonable.

An appropriate Order accompanies this Opinion.


                                        s/ Faith S. Hochberg
                                        FAITH S. HOCHBERG
                                        United States District Judge

Dated:  August 27, 2013

---

this Court.


[5]   Petitioner also references a "motion to expedite" in his papers, although he has not filed a formal motion to that effect.  In any event, any such motion is moot considering this Court's ruling.

12